**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

––––––––––––––––––

**No. 24-4610**

––––––––––––––––––

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

EDDIE TYRONE DAVIS, JR.,

> Defendant - Appellant.

––––––––––––––––––

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:16-cr-00178-CCE-1)

––––––––––––––––––

Submitted:  September 18, 2025                    Decided:  September 22, 2025

––––––––––––––––––

Before THACKER and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

––––––––––––––––––

Affirmed by unpublished per curiam opinion.

––––––––––––––––––

**ON BRIEF:**  Aaron B. Wellman, IVEY, MCCLELLAN, SIEGMUND, BRUMBAUGH & MCDONOUGH, LLP, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

––––––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddie Tyrone Davis, Jr., admitted to violating the terms of his supervised release by committing new criminal conduct, using or possessing a controlled substance, and failing to report to his probation officer. Davis's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal, but questioning whether the district court had jurisdiction to revoke Davis's supervised release and if the 11-month sentence imposed by the district court was plainly reasonable. Although notified of his right to do so, Davis has not filed a pro se supplemental brief. We affirm the district court's judgment.

First, we conclude that the district court had jurisdiction. The district court imposed a two-year term of supervised release which commenced on February 7, 2020. Davis was arrested on September 29, 2021, and he subsequently pled guilty to accessory after the fact to murder. He was then sentenced to 67 to 93 months' imprisonment. Davis's pretrial detention and imprisonment on these charges tolled the expiration of his term of supervised release. *See* 18 U.S.C. § 3624(e); *Mont v. United States*, 587 U.S. 514, 516 (2019).

Turning to the sentence imposed, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, "we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* In so doing, we are guided by "the

2

same procedural and substantive considerations that guide our review of original sentences," but we take "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation modified).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). We presume that a sentence within the applicable revocation policy statement range is reasonable. *See Padgett*, 788 F.3d at 373.

Our review of the record reveals that Davis's sentence is reasonable. The district court received Davis's counsel's argument and listened to Davis's allocution. The district court further considered the relevant § 3553(a) factors and explained why they supported an 11-month sentence. The court explained that the sentence was necessary because Davis had committed a crime while on supervised release; committed multiple violations; failed to cooperate with terms that would be to his benefit; and disrespected the system. The court also considered that Davis had violated his previous term of supervised release shortly after being released from imprisonment. We conclude that Davis fails to rebut the

presumption of substantive reasonableness accorded his sentence within the policy statement range.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*